IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT S. KERR, III, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-06-95-C |
| ) | |
| UMB BANK, N.A.., a national ) | |
| banking association, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION & ORDER**

Having granted Defendant's Motion for Summary Judgment on Plaintiff's claims for breach of fiduciary duty and gross negligence, the Court entered judgment in Defendant's favor on December 20, 2007. On January 2, 2008, Plaintiffs filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59, asking the Court to certify a question of law to the Oklahoma Supreme Court. Defendant objects.

Summary judgment was granted because the evidence, construed in Plaintiffs' favor, did not reasonably suggest that Defendant, a corporate trustee, had breached its fiduciary duties or abused its discretion in making principal distributions to an income beneficiary. Plaintiffs had argued, in part, that: "the evidence indicate[d] that the conflict [of interest between Defendant and the remaindermen beneficiaries] was so powerful that [Defendant] evidently failed to even consider the application of 60 Okla. Stat. § 175.104(C)(8), the statutory prohibition of distributions that directly or indirectly benefit the trustee." (Dkt. No. 61, Pls.' Resp. at 16.)

Section 175.104 is entitled "Trustee's power to adjust." The applicable subsection provides: "A trustee may not make an adjustment . . . [i]f the trustee is not a beneficiary, but the adjustment would benefit the trustee directly or indirectly." 60 Okla. Stat. § 175.104(C)(8). Read in context, it is apparent that the adjustment referred to is as between income and principal.

Plaintiffs contend that this statute was "the central basis of [its] response" to summary judgment and that the Court's conclusion that "a principal distribution is not an abuse of discretion simply because it may have a remote but favorable impact on the trustee" (Dkt. No. 67, Order at 8) is in direct conflict. (Dkt. No. 67, Pls.' Mot. at 2 n.1 & 3.) They propose certification of the following questions to the Oklahoma Supreme Court:

> Is there an exception to the rule prohibiting principal distributions directly or indirectly for the benefit of a trustee under 60 Okla. Stat. § 175.104(C)(8) in cases where the court finds that the benefit of a principal distribution only remotely benefits the trustee? Is the prohibitory rule set forth [in] 60 Okla. Stat. § 175.104(C)(8) absolute in nature or is [it] amenable to exceptions in a proper case? If so, what elements must be shown to qualify for an exception to the rule of prohibition?

(Id. at 2.)

Plaintiffs' motion to reconsider is made pursuant to Rule 59(e), which permits the filing of a motion to alter or amend a judgment within ten days of judgment.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

2

Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Plaintiffs did not request certification of their questions before summary judgment was granted. Although they may disagree with the Court's determination that this statutory provision did not alter the standards established by the trust instruments for principal distributions, certification on a motion to reconsider is not appropriate. "[U]nder the diversity statutes the federal courts have the duty to decide questions of state law even if difficult or uncertain." Copier v. Smith & Wesson Corp., 138 F.3d 833, 838 (10th Cir. 1998). In this instance, the Court is not convinced the issue would warrant certification. And even if it did, the time for Plaintiffs to have urged such action has passed. Massengale v. Okla. Bd. of Examiners in Optometry, 30 F.3d 1325, 1331 (10th Cir. 1994) (explaining that the circuit generally declines to certify "questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court").

Because Plaintiffs are requesting relief that was available before judgment was entered but not requested, their motion to reconsider is without merit. Accordingly, Plaintiffs' Motion to Reconsider Order Granting Summary Judgment and Request for Submission of Certified Question to Oklahoma Supreme Court (Dkt. No. 70) is DENIED.

IT IS SO ORDERED this 6th day of March, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge