IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT S. KERR, III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-06-95-C |
| | ) |
| UMB BANK, N.A.., a national banking association, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

In this action, Defendant, a corporate trustee, defended itself against claims made by three of seven remainder beneficiaries that it had breached its fiduciary duties and acted with gross negligence by allowing significant amounts of principal to be distributed to their father, the income beneficiary.  Defendant was successful at summary judgment and now requests that the Court award it attorney fees to be paid by Plaintiffs.  Plaintiffs object.

Defendant contends that 60 Okla. Stat. §§ 175.24(A)(9) and (B)(3) and First National Bank of Wichita Falls v. Stricklin, 1959 OK 208, 347 P.2d 652, allow it to charge its attorney fees to the trusts.  Although facially reasonable, that contention was apparently rejected by an Oklahoma appellate court.  Atwood v. Atwood, 2001 OK CIV APP 48, ¶ 43, 25 P.3d 936, 947.  Those statutes allow a trustee to employ attorneys and others "reasonably necessary in the administration of the trust estate," 60 Okla. Stat. § 175.24(A)(9), and to recover for expenditures "made for the benefit or protection of the trust or its property" not resulting from the trustee's negligence, id. § 175.24(B)(3).  However, they do not "provide

for recovery of litigation-related expenses." Atwood, 2001 OK CIV APP 48, ¶ 43, 25 P.3d at 947. And unlike First National Bank, this case involved alleged breaches of Trust "so that the outlays [were] for the benefit of the Trustee as opposed to protection of the Trust." Id.

Defendant is correct, however, that another statute does vest the Court with discretion to award attorney fees in actions such as these. See Corr v. Smith, 2008 OK 12, ¶ 23, ___ P.3d ___, 2008 WL 375953, at *6 (not yet released for publication). 60 Okla. Stat. § 175.57(D) provides, "In a judicial proceeding involving a trust, the court may in its discretion, as justice and equity may require, award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust which is the subject of the controversy." When a party prevails in a "judicial proceeding involving a trust," a court may decide to assess fees, expenses, and costs if justice and equity require. Atwood, 2001 OK CIV APP 48, ¶ 55, 25 P.3d at 948. "Justice and equity":

> connotes fairness and invites flexibility in order to arrive at what is fair on a case by case basis. Hence, general criteria drawn from other types of cases provide nonexclusive guides. These include (a) reasonableness of the parties' claims, contentions, or defenses; (b) unnecessarily prolonging litigation; (c) relative ability to bear the financial burden; (d) result obtained by the litigation and prevailing party concepts; and (e) whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation.

Id. ¶ 47, 25 P.3d at 947.

Atwood involved claims by trust beneficiaries that the trustee had mismanaged the trust by failing to diversify its holdings and failed to account to them for his actions. The appellate court did not disturb the trial court's decision to award the prevailing trustee his

attorney's fees pursuant to § 175.75(D) but remanded the case for a determination of the proper amount of those fees under the applicable standards. Id. ¶ 76, 25 P.3d at 952. The Court understands Atwood as affording considerable weight on the outcome of the litigation in deciding whether to award fees. That interpretation finds support in the Restatement on the issue of a trustee's power to incur and pay expenses:

> More complicated issues are presented by costs incurred by trustees in controversies, or in anticipation of possible litigation, involving allegations of breach of trust and thus exposing the trustee personally to risks such as surcharge or removal. To the extent the trustee is successful in defending against charges of misconduct, the trustee is normally entitled to indemnification for reasonable attorneys' fees and other costs; to the extent the trustee is found to have committed a breach of trust, indemnification is ordinarily unavailable. Ultimately, however, the matter of the trustee's indemnification is within the discretion of the trial court, subject to appeal for abuse of that discretion.

Restatement (Third) of Trusts § 88 cmt. d (2007).

Although there is no evidence that Plaintiffs acted unreasonably, delayed the litigation, or were in bad faith, the Court holds that Defendant is entitled to recover its reasonable attorney fees in defending itself in this action. Even though the claims concerned the propriety of discretionary distributions of principal and accused Defendant of conflicts of interest and breaches of fiduciary duty, its defense was both justified and vindicated. See id. Reporter's Note cmt. d (identifying the "oft-quoted Jessup v. Smith, 223 N.Y. 203, 207, 119 N.E. 403, 404 (1918)" for the proposition that a "trustee 'owed a duty to the estate to stand his ground against unjust attack' when 'resist[ing] an attempt to wrest the

administration of the trust from one selected by the testator and to place it in strange hands'"). Under the circumstances, justice and equity support an award of fees to Defendant.

However, the Court finds that it is not equitable or just to require Plaintiffs, rather than the trusts, to bear the cost of those fees. See Atwood, 2001 OK CIV APP 48, ¶ 80, 25 P.3d at 952 (explaining that the court must decide, based upon "justice and equity," who should bear the burden). According to Plaintiffs, Defendant's repeated failure to respond to requests for information about the principal distributions in 2005 precipitated this lawsuit. Defendant may have been entitled to refuse Plaintiffs' demands for information, but its refusal and the manner in which it responded or failed to respond is nevertheless relevant. Defendant's cooperation may not have avoided this lawsuit, but its failure to cooperate also boxed Plaintiffs into the proverbial corner. Given the limited information available to them, the amount of the distributions, their father's other resources, and the issues raised in the state court suit that has received so much attention here, neither Plaintiffs' concern nor their decision to file suit was unreasonable. And the Court recognizes that Plaintiffs brought this action to recover on behalf of all remaindermen beneficiaries and have borne the expense of their own attorney fees in the process. Thus, it would be unfair to charge Defendants' fees to Plaintiffs alone.

Having decided that Defendant is entitled to recover a reasonable fee, the Court must calculate the amount to be awarded. The starting point for that computation is the lodestar fee: the product of the time spent and the reasonable and customary rate for such work. See State ex rel. Burk v. City of Okla. City, 1979 OK 115, 598 P.2d 659, 662. However, the fee

must bear a reasonable relationship to the amount in controversy. Sw. Bell Tel. Co. v. Parker Pest Control, Inc., 1987 OK 16, ¶ 17, 737 P.2d 1186, 1189. "A reasonable attorney's fee in a given case does not necessarily result from simple multiplication of the hours spent times a fixed hourly rate." Id. ¶ 16, 737 P.2d at 1189 (internal quotation marks and citation omitted). The Court may make deductions for inefficiencies or overworking a case, see id. ¶¶ 14-17, 737 P.2d 1186, 1189, as well as for unproductive travel expenses, see Peters v. Am. Income Life Ins. Co., 2003 OK CIV APP 62, ¶ 76, 77 P.3d 1090, 1103.

Defendant requests an award of $41,358.00 for 170.9 hours spent on this case. The bulk of the work was done by two attorneys: a 10-year litigator who billed at a rate of $210 or $230/hour and an attorney with 50 years of experience who billed at a rate of $290/hour. (Def.'s Mot. Ex. 2.)[*] Defendant spent approximately: $8,000 and 39 hours on an unsuccessful effort to have the case dismissed or stayed; $12,000 and 46 hours on discovery, planning, and scheduling matters; and $11,000 and 57 hours on the motion for summary judgment. (Id.) Discovery apparently required the production of thousands of pages of documents (Dkt. No. 75, Def.'s Reply at 5), but only one deposition (Dkt. No. 74, Pls.' Resp. at 3). The challenged principal distributions totaled approximately $400,000.00. (Dkt. No. 61, Pls.' Summ. J. Resp. at 19.)

---

[*] Others in the firm worked on the case as well. With one exception, the time spent by those others was insignificant. The exception is an attorney, admitted to the Oklahoma Bar in 2001, who worked on the summary judgment motion. (Def.'s Ex. 2.) She billed for 24.6 hours at a rate of $225/hour. (Id.)

Plaintiffs contend that the requested fee should be reduced because: (1) a large portion is related to the unnecessarily complicated and unsuccessful motion to dismiss; (2) a good portion arises from the unnecessary decision to staff a simple case with several attorneys; and (3) much of it consists of charges for information gathering that should have been completed as part of its proper administration of the trust. (Dkt. No. 74, Pls.' Resp. at 3.) The Court does not agree. The issues raised in the motions to dismiss were complicated and nuanced. Although ultimately unsuccessful, those motions were prompted by a legitimate efficiency interest in combining this suit with a related state court proceeding. Under the circumstances, the time spent was reasonable and will not be discounted.

Likewise, Plaintiffs' other complaints fall short. Defense counsel did not overstaff the case. To the contrary, they may have relied too heavily on more experienced (and, therefore, more expensive) counsel to do too many tasks. However, that decision also may have resulted in time savings and is not facially unreasonable. Finally, Plaintiffs have not established that they were entitled to trust information prior to litigation. They also have not identified what specific activities should fall within general trust administration expenses or shown that the trustee rather than the trusts would be responsible for those amounts.

In conclusion, the Court finds that the rates charged by the attorneys and staff were customary and reasonable and that the time spent was both reasonable given the claims and complexity of the case and reasonably related to the amount in controversy. For these reasons, Defendant will be awarded its requested fees.

**CONCLUSION**

Defendant UMB Bank, N.A.'s Amended Motion for Attorneys' Fees (Dkt. No. 72) is GRANTED. Defendant is awarded a fee of $41,358.00 to be paid out of trust funds. A judgment will issue separately.

IT IS SO ORDERED this 26th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge